# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 19, 2012

### STATE OF TENNESSEE v. MARCUS TERRELL CHURCH

**Appeal from the Criminal Court for Davidson County**
**No. 2009A583    J. Randall Wyatt, Jr., Judge**

**No. M2011-01770-CCA-R3-CD - Filed June 10, 2013**

JOHN EVERETT WILLIAMS, J., concurring.

I write separately to express my belief that in *Pylant v. State*, 263 S.W.3d 854, 871 n.26 (Tenn. 2008), the Tennessee Supreme Court indeed "repudiated"or rejected the *de novo* standard for review of hearsay issues adopted by the Court of Criminal Appeals in *State v. Gilley*, 297 S.W.3d 739, 759-60 (Tenn. Crim. App. 2008). The word "repudiate" means "to reject as having no authority or binding force." WEBSTER'S NEW UNIVERSAL UNABRIDGED DICTIONARY 1636 (2nd ed. 1996). When I first joined Judge Witt's decision in *Gilley*, I believed that we were setting forth a new and correct standard of review for hearsay issues and that we were providing a clear first step for any such analysis in the trial court. I still have nothing but respect for both Judge Witt's reasoning and his conclusion in that case.

After reading *Pylant*, however, I came to the conclusion that although our supreme court was appreciative of our effort, it did not agree with the standard of review that we adopted in *Gilley*. Try as I might, I can only read *Pylant* as clearly indicating that the applicable standard of review governing hearsay issues is the traditional abuse of discretion standard. In footnote twenty-six of *Pylant*, after discussing Judge Witt's view that hearsay issues are to be reviewed *de novo*, the Tennessee Supreme Court stated that "this court continues to believe that questions concerning the admissibility of evidence are reviewed under an abuse of discretion standard." I find this language to be unambiguous; the *de novo* standard of review set forth in *Gilley* has been considered and rejected by our supreme court. Consequently, I believe that the *Gilley* standard has been rejected, and the case should be accorded no authority or binding force- it has been "repudiated."

Over three years ago, Donald Paine, former President of the Tennessee Bar Association and noted scholar of evidence, wrote in the Tennessee Bar Journal: "The

Tennessee Supreme Court continues to insist that a trial judge's hearsay rulings will be affirmed absent an abuse of discretion. But Tennessee Court of Criminal Appeals Judge Curwood Witt disagrees and I agree with his disagreement." Donald F. Paine, *Appellate Review of Hearsay Issues: The Trial of Kyle Gilley*, 46 TENN. B.J. 37 (2010). After discussing the debate in the context of the *Gilley* case itself, Donald Paine ultimately concluded: "Perhaps the [s]upreme [c]ourt will reexamine its scope of review jurisprudence. Time will tell." However, to date, our supreme court has not reexamined its position. These statements offered by this highly regarded evidence expert recognize that whatever the original merits of our position, our supreme court has rejected it. The issue for both Judge Woodall and I, is no longer a matter of which side has the more compelling legal argument. Rather, it is now simply a matter of showing proper deference to our higher court's ruling. I believe we simply lack the authority to step away from the Tennessee Supreme Court's expressly stated position on this issue.

In Presiding Judge Tipton's concurring opinion in this case, he observes that the *Pylant* court concluded footnote twenty-six by stating, "we note that, in this instance, the post-conviction court committed error under either standard of review." *Pylant*, 263 S.W.3d at 871 n.26. Presiding Judge Tipton construes this language as leaving the door open for this court to continue to apply the *de novo* standard, reasoning that, "[i]f *Gilley's* analysis is wrong, the [s]upreme [c]ourt would not have used it." However, I do not read that same language as applying the *Gilley* standard, nor do I interpret it as condoning in any way the continued use of the *de novo* standard of review in matters of hearsay. I cannot convert what I believe was an attempt by the Tennessee Supreme Court to express some level of appreciation for all of the considerable thinking and effort that was put into *Gilley* into a license to ignore *Pylant*.

In light of the ongoing disagreement amongst the members of this court over the continued viability of *Gilley* in the wake of *Pylant*, this issue appears to me to be ripe for further supreme court review. Appellate claims concerning trial courts' rulings on matters of hearsay arise frequently, and, at this point, the diverging positions of most of the members of this court have been expressed. Recently, in *State v. DeAngelo M. Moody*, No. M2011-01930-CCA-R3-CD (Tenn. Crim. App. May 9, 2013), a panel of this court acknowledged, in footnote five, that disagreement amongst certain panels of this court on this issue was evident, and it noted the obvious tension between many of our decisions and decisions that have been issued by the Tennessee Supreme Court. Judge Bivins, writing separately in two cases, has indicated that he feels compelled to follow the *de novo* standard set forth in *Gilley*, notwithstanding the language appearing in *Pylant* because he interprets that language as merely calling the *Gilley* decision into question, not overruling it. *See Willie Perry, Jr. v. State*, No. W2011-01818-CCA-R3-PC (Tenn. Crim. App. July 11, 2012) (Bivins, J., concurring); *State v. Martin Dean Gibbs*, No. M2011-00740-CCA-R3-CD (Tenn. Crim. App. June 27, 2012) (Bivins, J., concurring). In *State v. Alexis Mason and Terrance Harris*, No. W2010-02321-CCA-R3-CD (Tenn. Crim. App. Mar. 27, 2013), I concurred in

results only because I felt that the majority's opinion gave lip service to the abuse of discretion standard set forth in *Pylant* but decided the case based upon the *de novo* standard set forth in *Gilley*. Perhaps most troubling to me, there are several opinions in which panels of this court discuss only the *Gilley* standard and fail to acknowledge the abuse of discretion standard set forth in *Pylant* entirely. *See,, e.g., State v. James L. Dowell III*, No. M2011-02096-CCA-R3-CD (Tenn. Crim. App. Sept. 11, 2012); *State v. Brandon Ackerman*, No. M2010-01979-CCA-R3-CD (Tenn. Crim. App. July 13, 2012). The divisions in our court on this issue appear to be increasing with the passage of time rather than diminishing.

In all of the cases that I have participated in to date, neither standard would have altered the result. However, I fear that without additional guidance, this court will continue to follow a perilous course, creating the appearance (to some minds, at least) that the Tennessee Supreme Court has promulgated a standard of review (as it is empowered to do), and the Tennessee Court of Criminal Appeals has simply ignored it. The mere perception that our courts are at odds is detrimental. I believe that a clear indication from above one way or another is needed.

_____

JOHN EVERETT WILLIAMS, JUDGE